# THE ATTORNEY GENERAL
## OF TEXAS



AUSTIN 11, TEXAS

Gerald C. Mann
XXXXXXXXXXXXXXXXXXXXX
ATTORNEY GENERAL

Hon. Charley Lockhart     Attention: Mr. Chas. O. Rice
State Treasurer     Opinion No. O-1983
Austin, Texas     Re: Authority of the State Treasurer
to release bonds called for payment by
Bee County Common School District Number 3.

Dear Sir:

We are in receipt of your letter of February 19, in
which you request our opinion as to the authority of the State
Treasurer to release certain bonds called for payment by Bee
County Common School District Number 3.

The facts underlying your question are as follows, and
we quote from your letter:

"We have a call notice from Bee County
Common School District No. 3, calling for pay-
ment on March 20, 1940, bonds 47/100 inclusive,
totaling $5,400 of an issue dated July 10, 1927.

"The above bonds are callable on the date
mentioned, and they are, of course, to pay the
interest to said date, and they have tendered
their check for the redemption of these bonds
through their attorney. These bonds, however,
are not being refunded, and we understand that
part of the money which they are using to re-
deem them is coming from some source other than
from the sinking fund of this particular issue
of bonds from taxes levied and collected for
that purpose, due to the fact that they would
not have quite enough money in their sinking
fund for this purpose."

We assume that the above described bonds are held by you
as custodian for the Permanent School Fund, and if this assumption
is correct, the only restriction on your authority for releasing
bonds upon payment tendered therefor would be that prescribed by
Article 2787a of Vernon's Annotated Civil Statutes. We must fur-
ther assume that the right of redemption was retained by the is-
suing district and that the bond itself reflects that condition.
Article 2787a reads, in part, as follows:

"The State Board of Education may authorize
the trustees of any common school district or of
any independent school district of this State to
pay off and discharge, at any interest paying
date whether the bonds are matured or not, all
or any part of any bonded indebtedness now owned

or hereafter to be owned by the State Permanent
School Fund, outstanding against such district
or districts, before maturity thereof, to make
direct application in writing to the State Board
of Education at least thirty days before any
interest paying date on said bonds, making
known to said State Board of Education the de-
sire of said trustees to pay off and discharge
said bonded indebtedness, or any part thereof,
describing said bonds or the part thereof that
the trustees desire to pay off and discharge;
and it shall be the duty of the State Board of
Education upon receipt of such application to
act thereon in such manner as they deem best
and notify the applicant or applicants whether
the application is refused or granted in whole
or in part; provided, that only such tax money
as has been collected by virtue of tax levies
made for the specific purpose of providing a
sinking fund and paying interest on the par-
ticular bonds to be redeemed shall be expended
in the redemption, taking up, or paying off of
such bonds as provided in this Act; unless said
bonds are being redeemed for the purpose of be-
ing refunded; ***".

It is our opinion that this article has reference
only to the discharging of bonds prior to the maturity date
thereof, and is the authority extended to the State Board
of Education to permit prepayment of bonds for either of
two purposes, the first being actual retirement of the debt,
and the second for the purpose of refunding such debt. In
the case of Dallas County v. Lockhart, 96 S.W. (2d) 60, we
find this language in paragraph 4, of point 4, which reads
as follows:

"Reference is made in the brief to an act
of the Thirty-ninth Legislature (1925), Chapter
164, designated in Vernon's Annotated Texas
Statutes as Article 2787a. That act deals with
bonds which have not matured and not with bonds
which have matured or which have been called for
redemption under a reserved privilege of redemp-
tion."

We think it is significant that the language of the
act itself reads as follows:

"Provided that only such tax money as has
been collected by virtue of tax levies made
for the specific purpose of providing a sink-
ing fund and paying interest on the particular
bond to be redeemed shall be expended in the
redemption, taking up or paying off of such
bonds as provided in this Act."

It is our conclusion that the underscored phrase refers directly to the first paragraph of Article 2787a, which provides that the State Board of Education may authorize any school district to pay off and discharge its bonds at any interest paying date whether the bonds are matured or not, and certainly there could be no necessity for empowering the Board of Education to permit prior payment of a debt already matured. This, without doubt, refers to the prior payment of a bond where previously no provision had been made for the redemption thereof prior to the fixed maturity date.

It is our opinion that when bonds are called for payment in conformity with the redemption provision of such bonds at a date earlier than the fixed maturity thereof, that it automatically accelerates that maturity date and such bond is matured on and after notice of call for redemption has been issued.

You are, therefore, advised that in our opinion the State Treasurer would be required to release the bonds of Bee County Common School District Number 3 called for payment on March 20, 1940, irrespective of the source from which the money is derived and which is to be used in redeeming such bonds. We do not think Article 2787a applicable in this situation.

Trusting that the foregoing satisfactorily answers your inquiry, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

By /s/ Clarence E. Crowe
Clarence E. Crowe, Assistant

CEC-s:wb

APPROVED FEB. 29, 1940
/s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

APPROVED: OPINION COMMITTEE
BY:        BWB, CHAIRMAN